UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Rose R-T,[1] *o/b/o J.A.G., a minor*,

  Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

  Defendant.

Case No. 24-CV-01371 (JMB/SGE)

**ORDER**

---

Edward C. Olson, Reitan Law Office, Minneapolis, MN; and Clifford Michael Farrell (*pro hac vice*), Manring & Farrell, Dublin, OH, for Plaintiff.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN; and Jeff Leifert and Sophie Doroba, Social Security Administration, Baltimore, MD, for Defendant.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Shannon G. Elkins, dated July 8, 2025, which recommends denying Plaintiff Rose R-T's appeal, on behalf of J.A.G., of Commissioner of Social Security Frank Bisignano's denial of J.A.G.'s application for supplemental security income (SSI). (Doc. No. 26.) Plaintiff timely objected to the R&R (Doc. No. 27), but the Commissioner did not respond. For the reasons addressed below, the Court overrules Plaintiff's objection and adopts the R&R.

## BACKGROUND

A fulsome recitation of the procedural and factual background for this matter is set

---

[1] Pursuant to District practice, the Court uses initials to refer to nongovernmental parties.

1

forth in the R&R and is incorporated here by reference. Therefore, the Court only briefly summarizes the relevant background here.

Plaintiff filed an application on behalf of her child, J.A.G. (who was a minor at the time of application), for SSI on grounds that J.A.G. was disabled, as defined in the Social Security Act (SSA). An administrative law judge (ALJ) held a hearing to review Plaintiff's claim. At the hearing, Plaintiff presented evidence that J.A.G. been diagnosed with autism spectrum disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, oppositional defiance disorder, and borderline intellectual functioning disorder/specific learning disorders, among other things. (Doc. No. 12-1 at 200.)

The ALJ followed the steps set forth in 20 C.F.R. § 416.924(a) to determine whether a minor claimant is disabled and, therefore, entitled to benefits. Section 416.924(a) sets forth the following analytical framework: First, the ALJ determines whether the minor has been engaged in "substantial gainful activity"; if the minor has, then they are not entitled to benefits. 20 C.F.R. § 416.924(a), (b). Second, the ALJ considers whether the minor has a physical or mental impairment or impairments that are "severe." *Id.* § 416.924(a), (c). The analysis ends if the minor's impairment is non-severe. *Id.* § 416.924(c). Third, if the impairment or combination of impairments are severe, then the ALJ will determine whether the impairment or impairments meet, medically equal, or functionally equal a listed impairment and duration requirement is, therefore, is disabled. *Id.* § 416.924(a), (d); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1. To make this third determination, the ALJ considers the following domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting with others; (4) moving about and

manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi). If a minor has a "marked" limitation in two domains, or an ""extreme" limitation in one domain, then the child's impairment is functionally equivalent to a disability listing. *Id.* § 416.926a(a).

The ALJ ultimately denied J.A.G.'s claim on the third step; the ALJ concluded that J.A.G. did not have an extreme limitation in one domain or a marked limitation in two domains, and is therefore not disabled. (Doc. No. 12-1 at 200–09.) Specifically, the ALJ determined as follows as to each of the domains of functioning:

> (1) acquiring and using information—less than a marked limitation
>
> (2) attending and completing tasks—a marked limitation
>
> (3) interacting with others—less than a marked limitation
>
> (4) moving about and manipulating objects—no limitation
>
> (5) caring for oneself—less than a marked limitation
>
> (6) health and physical well-being—less than a marked limitation

(*Id.* at 203–09.)

Plaintiff sought judicial review of the decision. Specifically, Plaintiff argued that the ALJ did not properly weigh the persuasiveness of the opinion of Jonathan Miller, Ph.D., L.P., J.A.G.'s treating neuropsychologist, who opined that J.A.G. has an extreme limitation interacting with and relating to others, and a marked limitation in moving about and manipulating objects and caring for himself. The Magistrate Judge recommends that

Plaintiff's request for relief should be denied on grounds that the ALJ properly considered the persuasiveness of Miller's opinion.

## DISCUSSION

Plaintiff objects to the R&R on grounds that the Magistrate Judge misunderstood the standard applicable to the ALJ's evaluation of the persuasiveness of the opinions of treating physicians. (Doc. No. 27.) Specifically, Plaintiff asserts that the Magistrate Judge did not consider the *consistency* and the *supportability* of Miller's opinion as two separate factors that inform the overall persuasiveness of his opinion. (Doc. No. 27 at 3–8.) For the reasons discussed below, the Court disagrees.

When considering a party's objections to an R&R, the Court conducts a de novo review of the record to determine whether substantial evidence supports the ALJ's decision. 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance," but enough for a reasonable mind to find adequate to support the ALJ's conclusion. *Cox. v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (quotation omitted). When reviewing the record for substantial evidence, the Court cannot substitute its own judgment or findings of fact for those of the ALJ or disrupt the ALJ's determinations of credibility and weighing of conflicting evidence. *See Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018); *Hilkemeyer v. Barnhart*, 380 F.3d 441, 445 (8th Cir. 2004). When the record includes conflicting evidence that could support contrary outcomes, reviewing courts will not reverse the ALJ, even if that court would have decided the case differently. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *see also e.g.*, *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (noting that court will not reverse ALJ's "denial of benefits so long

as the ALJ's decision falls within the 'available zone of choice'"); *Culbertson v. Shalala*, 39 F.3d 934, 939 (8th Cir. 1994) (noting that the possibility that a court could draw two inconsistent conclusions from the same record does not preclude a determination that substantial evidence supported the Commissioner's decision).

An ALJ is required to consider all medical opinions in the record. 20 C.F.R. § 416.927(c). When weighing medical opinions, the ALJ considers the examining relationship, the treatment relationship, the supportability of the opinion, the consistency of the opinion, the specialization of the professional who offers the opinion, along with other unique case-specific factors. *Id.* However, the "supportability" and "consistency" factors are "the most important factors" in this analysis. *Id.* § 404.1520c(c)(2). "Supportability" means that an opinion is more persuasive if it is supported by other objective medical evidence in the record. *Id.* § 404.1520c(c)(1). "Consistency" means that an opinion will be more persuasive if it is consistent with other medical and non-medical sources in the record. *Id.* § 404.1520c(c)(2). Consequently, the ALJ is required to address the supportability and consistency of the provider's opinion. *Id.*

An ALJ's brevity in evaluating the persuasiveness of medical opinions "is not reversible error." *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021). The analysis must be something more than mere "boilerplate or blanket statements," but less than "exhaustive." *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) (cleaned up). Further, the ALJ need not use the words "supportability" and "consistency," but "it must be clear" in their analysis that the ALJ addressed those factors. *Diane M.W.*, No. 20-CV-2651 (SRN/ECW), 2022 WL 4377731, at *5 (D. Minn. Sept. 22, 2022).

A reviewing court does not ask whether it agrees or disagrees with the ALJ's explanation of the supportability and consistency factors—that would result in the improper reweighing of evidence. *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016). Instead, a reviewing court looks only to see whether the ALJ offered an explanation for their weighing of the provider's opinion. *Berry v. Kijakazi*, No. 20-CV-0890 (RLW), 2021 WL 4459699, at *8 (E.D. Mo. Sept. 29, 2021).

Here, Plaintiff asserts that the ALJ did not evaluate the supportability and consistency of Miller's opinion. The ALJ's evaluation of Miller's opinion is as follows:

> Jonathan Miller, Ph.D., opined in November 2020, that the claimant has an extreme limitation in interacting and relating with others; marked limitation in moving about and manipulating objects and caring for himself; less than marked limitation in acquiring and using information; and no limitation in attending and completing tasks and health and physical well-being. *These limitations are not persuasive, as they are not supported by his examination of the claimant or consistent with the overall evidence of record.* Moreover, during Dr. Miller's evaluation, the claimant was not on any medication. Dr. Mill[er]'s opinion appears to rely heavily on [Plaintiff]'s report that the claimant has a significant impairment in social communications skills, social cognition, and social motivation, as he noted the claimant was pleasant and cooperative during testing, poorly supporting an extreme limitation in interacting with others. Additionally, his evaluation provides no significant support for a marked limitation in moving about and manipulating objects, noting a 2018 concussion with no residual deficits. Other evidence of record is *inconsistent* with his conclusions. As to caring for oneself, as noted above, the claimant's ability to leave home independently, navigate his own employment temporarily, supervise his brother at times, and prepare simple meals is evident by his testimony and the evidence of record. Dr. Miller appeared to rely heavily on subjective reports provided by claimant's mother which are not entirely *supported* by the record as a whole. Teacher [J.P.] noted that the claimant has obvious problems in attending and

6

>completing tasks, and exams reflect intermittent deficits in attention and concentration, inconsistent with no limitation in attending and completing tasks. Records reflect poor grades in high school, and the claimant is under an IEP, generally consistent with a less than marked limitation in acquiring and using information. The claimant testified to playing football and basketball with others, and participating on the school track team, and a teacher indicated only slight problems in interacting and relating with others, inconsistent with an extreme limitation in interacting and relating with others, or a marked limitation in moving about and manipulating objects. However, the record shows that the claimant takes medication and uses a nebulizer for asthma, inconsistent with no limitation in health and well-being. In addition to engaging in team sports and track, the claimant reported he can manage his personal care independently with reminders, prepare simple meals, and watch his younger brother, inconsistent with a marked limitation in caring for himself.

(Doc. No. 12-1 at 208–09 (internal citations omitted) (emphasis added).) The ALJ also evaluated the opinions of four other psychological and pediatric consultants, who reached conclusions different than Miller's. (Doc. No. 12-1 at 209.) Specifically, those individuals opined that J.A.G. had a marked limitation in attending and completing tasks, less than marked limitations in acquiring and using information, interacting and relating with others, health and physical well-being, and self-care. They also found that he had no limitations in moving about and manipulating objects. (*Id.*) Plaintiff does not argue in the Objection that the ALJ's conclusions as to the persuasiveness of these professionals was erroneous.

Plaintiff argues that the ALJ improperly discounted Miller's opinions on grounds that Miller relied on the subjective reports of J.A.G.'s mother and that the ALJ's conclusion is "grossly inconsistent with the record" and ignores "the overwhelming amount of objective evidence supporting Dr. Miller's opinion." (Doc. No. 27 at 7–8.) However,

7

Plaintiff's argument fails to acknowledge that substantial evidence supported the ALJ's conclusion that the other medical sources in the record were more persuasive than (and inconsistent with) Miller. Further, the ALJ discounted Miller's opinion on grounds other than simply Miller's reliance on J.A.G.'s family member's subjective reports.

In its deferential review, this Court does not reweigh the evidence underpinning the ALJ's determination and, even if the Court disagrees with the ALJ, the Court cannot reverse on the basis of such disagreement. *E.g.*, *Hensley*, 829 F.3d at 934; *Berry*, 2021 WL 4459699, at *8. Here, the ALJ clearly addressed both the supportability and consistency factors, including explaining how Miller's opinion was inconsistent with other medical evidence in the record (including the with the opinions of the other psychological and pediatric consultants). Thus, the Court sees no error in the Magistrate Judge's reasoning.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff Rose R-T's objections to the R&R (Doc. No. 27) are OVERRULED.

2. The R&R (Doc No. 26) is ADOPTED; and

3. This matter is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 18, 2025                    /s/ *Jeffrey M. Bryan*
                                                                           Judge Jeffrey M. Bryan
                                                                           United States District Court